IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| BRADLEY J. BARTON,<br>Institutional ID No. 1680744,<br>SID No. 7528228,<br>Previous TDCJ No. 1404377,<br><br>Plaintiff,<br><br>V.<br><br>R.M. HUERTA, Correctional Officer,<br>*et al.*,<br><br>Defendant(s). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br>1:14-CV-085-C<br>ECF |

## ORDER

The United States Magistrate Judge entered a Report and Recommendation on August 1, 2014, recommending that "[b]ased upon the initial showing by Barton, and without any contrary evidence provided by the Defendants," this Court should grant "Barton's requests for a preliminary injunction, enjoining Huerta from searching Barton's cell, while his lawsuits are pending."

The undersigned United States District Judge has made an independent examination of the record as it relates to Plaintiff's request for a preliminary injunction, and the Court declines to adopt the findings, conclusions, and recommendation of the Magistrate Judge.

To secure an injunction order, Plaintiff must demonstrate (1) a substantial likelihood of success on the merits of his case; (2) a substantial threat that the failure to grant an injunctive order will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunctive order might cause the defendant; and (4) that the order will not be adverse to the

public interest. *Women's Med Ctr. v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001); *Dallas Cowboys Cheerleaders v. Scoreboard Posters, Inc.*, 600 F.2d 1184, 1187 (5th Cir. 1979). A failure to prove any of the four elements will result in the denial of injunctive relief. *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

In the prison context, a request for injunctive relief must be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration. *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). Moreover, when a plaintiff requests injunctive relief that would require the court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). Principles of equity militate heavily against granting injunctive relief except in the most extraordinary circumstances. *Id.*

In assessing whether injunctive relief serves the public interest, prison administrators must be afforded deference in the manner in which they operate the prison. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

As an initial matter, the Court notes that the Magistrate Judge placed special emphasis on the lack of contrary evidence provided by the Defendants during the hearing conducted to address Plaintiff's request for preliminary injunction against Huerta. However, although the TDCJ Office of General Counsel, and TDCJ Court Coordinator were mailed notice of the hearing, none of the Defendants have been served or made an appearance in this case.

2

Case 1:14-cv-00085-BL   Document 25   Filed 08/19/14   Page 3 of 3   PageID 98

In this case, Plaintiff has not met the prerequisites for preliminary injunctive relief. Specifically, Plaintiff has not demonstrated that there is a substantial likelihood of success on the merits of his case or shown that the threatened injury outweighs the threatened harm the injunction may do to the nonmovant. Nor has he shown that his proposed injunction would not disserve the public interest. Moreover, the relief Plaintiff seeks would require a considerable degree of interference by a federal court with the operation of a state prison, and he has not made the showing required to justify such interference. Therefore, Plaintiff's request for a preliminary injunction, enjoining Huerta from searching his cell, while his lawsuits are pending is **DENIED** in all things.

SO ORDERED.

Dated August _19_, 2014.

SAM R. CUMMINGS
United States District Judge